DECISION
Presently before this Court is defendants' motion to compel plaintiff to produce certain documents `to which plaintiff has asserted the work product and attorney/client privileges. On January 21, 1997 this Court ordered that the 129 documents in dispute be provided by the Court so that an in camera review of the documents could occur. Upon completion of this review it is hereby ordered that:
The following documents should be released to defendants for the reason that DEPCO has failed to prove that said documents were produced primarily in anticipation of litigation and because defendants have established through other discovery procedures that they are unable to obtain the information in these documents in any other way: 5, 6, 7, 8, 9, 12, 14, 15, 18, 19, 20, 21, 22, 31, 37, 39, 41, 42, 43, 45, 46, 51, 54, 57, 58, 73, 74, 104, 110, 111, 116, 124, 128, 142, 148, 149, 150, 151, 161, 162, 165, 170, 171, 186, 188, 307, 308, 309, 316, 336, 337, 347, 348, 349, 350, 351, 352.
The following documents should not be released to defendants for the reason that they contain privileged information: 23, 24, 26, 28, 30, 32, 33, 34, 60, 78, 81, 82, 83, 88, 96, 97, 102, 117, 118, 119, 121, 122, 135, 147, 152, 153, 154, 163, 169, 187, 192, 195, 196, 197, 306, 310, 311, 315, 317, 318, 319, 321, 322, 323, 353.
The following documents should be released to defendants in redacted form:
Document 35 should be redacted so that the first full paragraph on page two is eliminated;
Document 49 should be redacted so that the current status/update section is removed;
Document 50 should be redacted in the same manner as document 49;
Document 52 should be redacted so that only page one and the DEPCO inspection form through the photographs remains;
Document 61 should be redacted so that the strategy section and the cash flow forecasts are removed;
Document 84 should be redacted so that only Dear Ed and the third paragraph remains;
Document 101 should be redacted so that the last paragraph on page two is removed along with the last sentence on page three;
Document 106 should be redacted so that sections B, C, D, and E are removed along with the financial forecasts;
Documents 107, 108, and 109 should be redacted so that the appraisals on page one, and sections C.3 on page four through section F on page six are eliminated;
Document 129 should be redacted so that the appraisals on page one, and sections C.3 on page six through section F on page ten are eliminated;
Document 136 should be redacted so that the appraisal section on page one, and sections C.3 on page six through section F on page eleven are eliminated;
Documents 137, 138 and 139 should be redacted so that the last sentence of paragraph three is removed;
Document 140 should be redacted so that the appraisals on page one and sections C.3 on page six through section F on page eleven are removed;
Documents 143 and 144 should be redacted so that the first paragraph is removed;
Documents 145 and 146 should be redacted so that from the second sentence of the first paragraph through the second paragraph is removed;
Document 157 should be redacted so only the last section beginning Mike Geezil remains;
Document 200 should be redacted so that the appraisal section on page one and sections C.3 through section F on page four are removed;
Document 201 should be redacted so that the appraisal section on page one and the attached memo are removed;
Document 313 should be redacted so that the introductory paragraph, sections 1A, 2, 2A, 2C, 3C, and summary paragraph 1, sentence 2 to the end of the document are eliminated;
Document 344 should be redacted so that page two, paragraph three's last two sentences are removed, and the appraisal section on page one, and sections C.3 on page six through section F on page eleven of the loan case document, along with all its exhibits except exhibits E and F are also removed;
Document 345 should be redacted so that the appraisal section on the first page and pages fourteen and fifteen through "alternatives" are removed.
While counsel for the plaintiff has asserted that certain documents named above are also protected by Marquette's attorney/client privilege which DEPCO allegedly purchased along with all of Marquette's assets, it was not necessary to reach this issue because the documents at issue were also covered by the work product privilege. Additionally, this ruling is not one on admissibility of the above documents. That issue should be addressed by counsel at trial. Counsel shall prepare and submit the appropriate order.